Kimberly Tallent Moore c/o Curt Dawson Little Rock Employment and Classification Manager 500 W. Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Ms. Moore:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your request stems from the same FOIA request at issue in Opinions2010-067 and 2010-070. Those opinions dealt with whether the job applications for a public position must be disclosed in response to an otherwise valid FOIA request. I opined that they were subject to disclosure. According to your request for my opinion, you have reviewed Op. 2010-067, but you have presented an additional fact you would like me to consider pertaining to your particular situation. After you learned that the FOIA request was made and that your application was subject to release, you withdrew yourself from consideration for the position in hopes that, by withdrawing, your application would be vacated and, thus, no longer subject to disclosure. You ask whether your withdrawal means your application can be shielded from disclosure. The custodian has indicated that your withdrawal is not a sufficient reason to shield the application from disclosure. *Page 2 
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Not having seen any of the records the custodian intends to release, I cannot opine about any particular records. Further, because you are aware of the legal analysis I explained in Opinions 2010-067 and 2010-070, I will not repeat that. Instead, I will focus only on whether your withdrawal — after the FOIA request was made — is sufficient to shield the records from disclosure. In my opinion, and in a manner consistent with this office's longstanding view, your withdrawal is not sufficient to shield the application from disclosure. Therefore, in my opinion, the custodian's decision to release your application is consistent with the FOIA.
This office has long held the view that, after an FOIA request is made for job applications, the withdrawal of the applications does not affect whether the applications must be disclosed. For example, my predecessor explained that view in Opinion 1993-263:
 It is clear that the job applications are public records subject to inspection and copying under the FOIA once they are submitted to and kept by the school district. When an FOIA request is made for such records, it is my opinion that the agency's action in permitting withdrawal would be contrary to the act.
This office continued that interpretation in 2002: "In my opinion the transfer or removal of public records after receipt of an FOIA request is similarly impermissible." Op. Att'y Gen. 2002-228.
I agree with my predecessors that the withdrawal of job applications after they have been requested under the FOIA does not affect the question of whether those records are releasable under the FOIA. Because the custodian has said as much, his determination is consistent with the FOIA, in my opinion.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General